IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FRANK HUDSON**, an individual, and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>**HOUSING AUTHORITY OF PORTLAND**, a public, municipal corporation, dba **HOME FORWARD**; **HOME FORWARD BOARD OF COMMISSIONERS**; **MICHAEL BUONOCORE**, Home Forward Executive Director, in his official and personal capacity; **JIM SMITH**, Chair, Home Forward Board of Commissioners, in his official and personal capacity; and **RACHAEL RUSSELL**, Human Resources Supervisor, in her official and personal capacity,<br><br>      Defendants. | 3:16-CV-02364-BR<br><br>OPINION AND ORDER |

**FRANK E. HUDSON**
Hudsonlaw, LLC
204 S.W. Fifth Avenue
#40452
Portland, OR 97240
(503) 568-6636

      Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**JEFFERY J. MATTHEWS**
**JONATHAN M. HOOD**
Harrang Long Gary Rudnick, PC
360 E. Tenth Avenue
Suite 300
Eugene, OR 97401-3273
(541) 485-0220

    Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#11) to Dismiss Plaintiff's First Amended Complaint. For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **with prejudice**.

## BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint and accepted as true for purposes of Defendant's Motion.

In November 2014 Plaintiff Frank Hudson, a veteran of the United States Marine Corps, applied for a job with Defendant Home Forward and requested a veterans' preference.

On June 9, 2015, Home Forward advised Plaintiff that it had failed to grant him a veterans' preference.

At some point Plaintiff filed a complaint with Oregon's Bureau of Labor and Industries (BOLI) alleging Home Forward had violated the Oregon veterans' preference statute, Oregon Revised

2 - OPINION AND ORDER

Statutes § 408.230, when it denied Plaintiff a veterans' preference.

On July 15, 2016, BOLI issued to Plaintiff a Notice of Right to File a Civil Suit in which it advised Plaintiff that he could file an action against Home Forward for violation of § 408.230 within 90 days of the date of the Notice.

On December 27, 2016, Plaintiff Frank Hudson filed in this Court a putative class action Complaint pursuant to 42 U.S.C. § 1983 against Defendants Home Forward, Home Forward Board of Commissioners, Michael Buonocore, and Jim Smith in which he alleged they violated veterans' federal due-process rights when they failed to provide veterans with pre-deprivation hearings before "failing to grant" them veterans' preferences in employment with Home Forward. Plaintiff did not allege a claim for violation of Oregon Revised Statutes § 408.230.

On January 30, 2017, before Defendants filed a responsive pleading, Plaintiff filed a First Amended Complaint to add further factual allegations to support his claim for violation of his veterans' federal due-process rights.

On February 21, 2017, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. The Court took Defendants' Motion under advisement on March 14, 2017. The Court concludes the record is sufficiently developed, and, therefore, oral argument would not be helpful.

3 - OPINION AND ORDER

## **STANDARDS**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Novak v. U.S.*, 795 F.3d 1012, 1017 (9th Cir. 2015).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

4 - OPINION AND ORDER

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d at 1212 (quotation omitted). "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quotation omitted). "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (quotation omitted).

**DISCUSSION**

Plaintiff alleges Defendants violated his procedural due-process rights pursuant to the Fourteenth Amendment when they failed to provide him with a pre-deprivation hearing before they declined to apply the veterans' preference set out in Oregon Revised Statutes § 480.230.

**I. Oregon Veterans' Preference Law**

Oregon Revised Statutes § 408.230(1) provides:

> (1) A public employer shall grant a preference to a veteran . . . who applies for a vacant civil service position . . . and who:
>
>> (a)(A) Successfully completes an initial application screening or an application examination for the position; or
>>
>> (B) Successfully completes a civil service test the employer administers to establish eligibility for the position; and
>>
>> (b) Meets the minimum qualifications and any special qualifications for the position.

"A public employer shall appoint [a] . . . qualified veteran . . . to a vacant civil service position if the results of a veteran's . . . application examination, when combined with the veteran's . . . preference, are equal to or higher than the results of an application examination for an applicant who is not a veteran." Or. Rev. Stat. § 408.230(4). Violation of the veteran's preference statute "is an unlawful employment practice." Or. Rev. Stat. § 408.230(6).

A veteran who believes a public employer has violated § 408.230 "may file a verified written complaint with the Commissioner of the Bureau of Labor and Industries [BOLI] in accordance with ORS 659A.820." Or. Rev. Stat. § 408.230(7).

If, after an investigation, BOLI finds substantial evidence supports a claimant's allegations, BOLI may attempt to negotiate a settlement between the parties, prepare formal charges, or dismiss the complaint. Or. Rev. Stat. §§ 659A.840, 659A.845. If BOLI prepares formal charges, a contested case hearing is held

6 - OPINION AND ORDER

at which the parties may be represented by counsel, testimony is taken upon oath or affirmation of the witness, and a record is created. Or. Rev. Stat. § 183.417(1), (6), (8). At the conclusion of the hearing, BOLI issues findings of facts and conclusions of law. Or. Rev. Stat. § 659A.850(2). If BOLI finds the employer has engaged in an unlawful practice, it issues a cease-and-desist order.

If BOLI dismisses the complaint, it issues a 90-day right-to-sue letter informing the claimant that he has 90 days to file an action against the employer.

## II. Analysis

As noted, Plaintiff did not bring a claim for violation of Oregon Revised Statutes § 408.230, and he cannot do so now because the 90-day deadline for Plaintiff to file such a claim expired on October 13, 2016, before he commenced this action in this Court. Plaintiff asserts only a claim for violation of his right to procedural due process based on Defendants' failure to provide him with a pre-deprivation hearing before declining to give him a veterans' preference.

The Fourteenth Amendment to the United States Constitution provides "[n]o State shall . . . deprive any person of . . . property, without due process of law." U.S. Const. amend. XIV, § 1. Procedural due process focuses on the procedures involved when a state effectuates a deprivation of protected

interests. *Carey v. Piphus*, 435 U.S. 247, 259 (1978)("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property.").

> To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process."

*Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011)(quoting *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). For purposes of this Motion only, Defendants concede the veterans' preference is a constitutionally protected property interest and that Defendants deprived Plaintiff of that interest. Defendants, however, assert the post-deprivation process provided for under § 408.230 satisfies the requirements of the Due Process Clause.

The type of process required by the Constitution depends in part on the type of deprivation. *See Zinermon v. Burch*, 494 U.S. 113, 126 (1990)("The constitutional violation actionable under § 1983 is not complete . . . unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate."). The Supreme Court "usually has held that the Constitution requires some kind of hearing before

8 - OPINION AND ORDER

the State deprives a person of liberty or property." *Id*. at 127-28. Thus, "[i]n situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation . . . remedy to compensate for the taking." *Id*. at 132.

"In some circumstances, however, the [Supreme] Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Id*. at 128. Specifically, the Supreme Court has held the deprivation of property without a pre-deprivation hearing does not give rise to a procedural due-process claim when the deprivation was "random and "unauthorized" because the State cannot know when such deprivations will occur. *See, e.g., Parratt v. Taylor*, 451 U.S. 527, 541 (1981)("The justifications which we have found sufficient to uphold takings of property without any predeprivation process are applicable to a situation . . . involving a tortious loss of . . . property as a result of a random and unauthorized act by a state employee."), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984)("[W]hen deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know

9 - OPINION AND ORDER

when such deprivations will occur."). Accordingly, if an unconstitutional deprivation of property is random and unauthorized, the availability of adequate, post-deprivation remedies preclude a claim for denial of due process.

Defendants assert their failure to provide Plaintiff with the veterans' preference was a random and unauthorized deprivation of property, and, therefore, the post-deprivation remedy provided in § 408.230 (which Plaintiff accessed) was sufficient because the state of Oregon could not possibly know before the deprivation that Home Forward would fail to follow the veterans' preference mandate set out in § 408.230. Defendants also assert even if the State could have predicted one of its agencies would not follow the mandate of § 408.230, it would be impractical for the State to hold a pre-deprivation hearing before each such employment decision. According to Defendants, therefore, the post-deprivation process provided in § 408.230 is sufficient and Plaintiff cannot state a claim for violation of procedural due process under the circumstances of this case.

In *Edwards v. Staton*, No. 3:14-cv-00531-AC, 2015 WL 350635 (D. Or. Jan. 26, 2015), Judge Michael Simon dismissed the plaintiff's claim for violation of procedural due process in which the plaintiff alleged the defendants denied him the veterans' preference. Judge Simon concluded the defendants' denial of the veterans' preference to the plaintiff was "random

and unauthorized" because the State could not predict that the defendants would fail to follow the mandate of § 408.230, the deprivation "did not occur as a result of some established state procedure," it is not practical for the State to conduct a pre-deprivation hearing before every employment decision, and § 408.230 provides an adequate post-deprivation remedy. 2015 WL 350635, at *5.

Other courts have reached the same conclusion under similar circumstances. For example, in *Veterans Legal Defense Fund v. Schwartz* the plaintiffs alleged the defendants violated their right to due process when they deprived the plaintiffs of the veterans' preference. 330 F.3d 937, 938 (7th Cir. 2003). The court concluded the deprivation was random and unauthorized because the "Illinois government had mandated the enforcement of the preference" through statute, case law, and an executive order, all of which "mandated [the] preference" and "[o]nly by acting in a manner patently inconsistent with Illinois law, could the defendants deprive the plaintiffs of the hiring preference." *Id.* at 941. The court noted § 1983 is intended to remedy

> only those deprivations which actually occur
> without adequate due process of law, such as those
> which result from a *state's* conscious decision to
> ignore the protections guaranteed by the
> constitution. It should not be employed to remedy
> deprivations which occur at the hands of a state
> [actor] who is [behaving] in direct contravention
> of the state's established policies and procedures
> which have been designed to guarantee the very

11 - OPINION AND ORDER

>           protections which the [actor] now has chosen to
>           ignore.

*Id*. (quotation omitted)(emphasis in original).  The court, therefore, concluded a post-deprivation remedy was sufficient and the "plaintiffs [had] no procedural due process claim."  *Id*.  Similarly, in *Trump Tight, LLC v. Bell* the plaintiff brought a § 1983 action against the county sheriff and deputy sheriff alleging they violated the plaintiff's right to due process when they forced the plaintiff to pay off-duty uniformed deputies as security, decreased the maximum occupancy limit of the plaintiff's facility, refused to let the plaintiff open the facility to underage patrons, and shut down the plaintiff's facility.  188 F. Supp. 3d 565, 573 (E.D. Va. 2016).  The court concluded the defendants' conduct was unforeseeable and fell "squarely within the 'random' and 'unauthorized' categories.  Thus, the Commonwealth could not have set up pre-deprivation safeguards in these unusual circumstances."  *Id.*  The court rejected the plaintiff's argument that the defendants' conduct was not random "but rather an established and ongoing practice over a series of months."  The court noted the "foreseeability inquiry focuses on foreseeability by the State - the entity who could effectuate pre-deprivation safeguards - not on foreseeability by the defendants themselves."  *Id*.  The court, therefore, concluded the plaintiff did "not allege a violation of its right to procedural due process."  *Id*.

Here, like the defendants in *Edwards, Schwartz,* and *Trump Tight*, Defendants' failure to provide Plaintiff with a veterans' preference was not foreseeable. Like the acts of the state legislature in *Schwartz*, the Oregon Legislature has mandated enforcement of the preference through § 408.230. Defendants' failure to follow the mandate was random and unauthorized, and, therefore, the State could not have set up pre-deprivation safeguards in these particular circumstances. The Court, therefore, concludes the legislative provision of a post-deprivation remedy (which Plaintiff actually accessed) is sufficient to satisfy the demands of the Due Process Clause. Accordingly, the Court concludes Plaintiff's First Amended Complaint fails to state a claim, and, therefore, the Court grants Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

In addition, the Court concludes on this record that Plaintiff cannot remedy the deficiency in his claim by amendment because although he took advantage of the post-deprivation remedy provided by § 408.230, he failed to file a claim for violation of § 408.230 within 90 days of BOLI's Notice. Thus, any attempt at amendment would be futile.

Accordingly, the Court denies Plaintiff leave to amend his First Amended Complaint.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendants' Motion (#11) to Dismiss Plaintiff's First Amended Complaint and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 5th day of May, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge